Fulton County Superior Court
***EFILED***JT
Date: 10/1/2019 2:50 PM
Cathelene Robinson, Clerk

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

**TAWANA L. CARTER**
**Plaintiff,**

**Vs.**

                             **CIVIL ACTION**       2019CV327392
                             **FILE NO: 2019-CV-_____**

**Defendants.**
**SELECT PORTFOLIO SERVICING, INC.**
**WELLS FARGO BANK, N.A., AS TRUSTEE**
**FOR FREMONT HOME LOAN TRUST2005 RR3,**
**MORTGAGE BACKED CERTIFICATES, SERIES**
**2005 RR3,**

                           **I**

### VERIFIED PETITION AND MOTION FOR SPECIFIC PERFORMANCE, INJUNCTIVE RELIEF, REQUEST FOR DECLARATORY JUDGMENT, PROMISSORY ESTOPPEL ,CIVIL CONSPIRACY, WRONGFUL ATTEMPTED SALE UNDER POWER

**COMES NOW, Tawana L. Carter**, and pursuant to O.C.G.A. §23-3-61, respectfully files her Verified Petition For Injunctive Relief, Request For Declaratory Judgment Pursuant To O.C. G.A.§§ 9-4-2 and 9-11-118, , Specific Performance, Promissory Estoppel

### INTRODUCTION

#### 1.

Plaintiff is over the age of eighteen (18), a resident of the County of Fulton, State of Georgia and resides at 115 Parkside Close, Alpharetta, Ga. 30022.

#### 2.

Plaintiff has unsuccessfully attempted to obtain a modification of her mortgage which was approved for a modification on March 15, 2009 by Bank of America where her payment went from $2,284 per month to $1,000. After making six payments her modification was suddenly denied. Plaintiff contends this is a classic case of promissory estoppel.

Next Plaintiff on March 30, 2012 tried unsuccessfully through a non-profit known as NACA  because they claimed she had too much equity in the property.

Plaintiff's third attempt at a modification was in April, 2014 through Trina Harrington at the Rainbow Push Coalition which was denied again.

Plaintiff was denied again by Select Portfolio Servicing, Inc. on Jan. 6, 2015 claiming they would rather foreclose than do a modification. Plaintiff was denied a modification again in May, 2019, and also in 2018.

3.

Plaintiff visited the Fulton  County Georgia Real Estate Records Department within the Superior Court Clerk's Offices, only to become more confused concerning the secured creditor, and entities who legally have an interest in his real property.

4.

Plaintiff brings her  action for specific performance to obtain the modification and principle reduction because her home is "under water".

Plaintiff's original loan was for $279,000 at 8% interest on 3/1/2005.

Now Plaintiff owes $331,139.89 and is still paying 8% when a market rate is only 4%.

5.

Plaintiff has reason to believe that there may be more than just those listed as Defendants that may claim an interest in her property, but at this time, is unaware of any others.

6.

The Public Real Estate Records of Fulton County do not indicate who actually owns the real property which is the subject of this litigation, other than the Plaintiff.

## II.     JURISDICTION AND VENUE

7.

Jurisdiction is proper in this Court, because the subject is Title to Real

Property located within their County.

8.

There is a dispute over Title to the real property; therefore, jurisdiction is proper, pursuant to O.C.G.A. §44-2-60 "[f]or the purpose of enabling all persons owning real estate within their state to have the title thereto settled and registered [,] the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon." (Emphasis supplied.) OCGA § 44-2-60 Setlock v. Setlock 286 Ga. 384, 688 SE2d 346 (2010).

9.

Further, under the Georgia Constitution, only the Superior Courts of Georgia  have "Equity Jurisdiction" and the power to Grant Injunctions [GA. CONST. ART.6, §4,¶ 1].

10.

Venue is proper under Georgia's Long Arm Statute, as the real property, which is the subject matter is located within Fulton County, Georgia, and all entities conduct business in the state of Georgia.

III.     THE PARTIES and SUBJECT PROPERTY

11.

Plaintiff, Tawana L. Carter, ("Carters") at all times relevant, is  Sui Juris and makes her Complaint upon personal knowledge of the facts alleged herein; Plaintiff has resided at; the legal description of the subject property :

See Exhibit B

12.

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a registered agent is Corporate Service Company, 40 Technology Parkway, S. , Suite 300, Norcross, Ga. 30092.  Wells Fargo Bank, N.A. trustee, et al also has Corporate Service Company as its registered agent.

13..

The Defendants, and each of them, had actual knowledge of / and or were in a position that they had constructive knowledge of the acts of the Defendants and each of them; because of the acts complained of herein Defendants were the agents, employees, representatives, partners, officers, principals and/or joint ventures of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope, course and purpose of such agency, employment or position, or within the apparent scope, course and purpose of such agency, employment or position and with permission and consent of each of the remaining defendants. Defendants ratified, joined in, acquiesced in, and / or authorized the acts of the other Defendants and have retained the benefits from these acts complained of herein.

IV.        STATEMENT OF FACTS

14.

The Fraud complained of herein was pervasive and perpetrated by Novastar. who was later acquired by Wells Fargo as Trustee, et al . It began with Novastar making a conscious decision to sustain their business by systematically and significantly reducing their underwriting standards to create increasingly complex, confusing and increasingly risky terms for their prospective borrowers. As the entity that supervised the loan file which a broker submitted to them as a Correspondent Lender, Defendant knew to a certainty that loans like the Plaintiff's was unsustainable for the Plaintiff and they knew that if the property value dropped or if a borrower had a income reduction the loan would fail. Thus the Defendant sold many of its loans to Real Estate Mortgage Investment Conduits (REMICS) and /or Trusts to default on a nationwide basis.  In the specific case of Tawana L. Carter,  Wells Fargo, N.A. trustee, et al. engaged in constructive fraud and  promissory estoppel in their approval of Carter loan , attempts at modification and an approval which she seeks specific performance which was granted on March 15, 2009. In addition, Tawana L. Carter applied for modifications five  more times to be turned  down when she was more than qualified.  This is a classic example of promissory estoppel.  Plaintiff contends she is not in default  as a result of Select Portfolio Servicing, Inc.'s "unclean hands."

15.

, Plaintiff Carter purchased her property with Fremont with a subprime predatory loan of $279,000 at 8% interest rate with a payment of $1,645.23 (PI) plus $269.20 (TI). Ms. Carter's loan was a stated income loan and she was made a loan she would never be able to repay. There was a modification that was granted on March 15, 2009 by Bank of America which brought the payment down to $1,000 on a trial modification but the loan was never approved for a final modification after Plaintiff made all trial payments in a timely manner.. Plaintiff seeks specific performance to get this modification.

## COUNT 1

## **PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF**

16.

Plaintiff hereby incorporates the foregoing paragraphs 1-15 of this Complaint and restates them as if they were fully written herein..

Plaintiff is entitled to declaratory relief, in that Plaintiff is not in Default and a new Loan Modification Agreement between Plaintiff and Defendants needs to be entered into. Plaintiff qualifies for a loan modification but has been unfairly denied by Defendant.

17.

Plaintiff is entitled to declaration that Defendant Select Portfolio Servicing, Inc. is not the holder of the Note, or entitled to enforce the Note or Security Deed due to a break in the chain of title.

18.

Plaintiff is entitled to a declaratory judgment that Defendant has no right, title or interest in and to the Security Deed, because said security deed

was never lawfully assigned to Defendant, as no lawful Assignment exists in the Public Records of the Fulton County Georgia Real Estate Records.

19.

Plaintiff is entitled to a declaratory judgment that Defendant, has "unclean hands" in refusing to accept Plaintiff's tender and due to break in chain of title where Defendant does not have standing to foreclose..

20..

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT 11

## PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF

21.

Plaintiff hereby incorporates the foregoing paragraphs 1-20 of their Complaint and restates them as if they were fully written herein..

Plaintiff is entitled to a preliminary injunction, and a permanent injunction restraining all defendants from initiating or continuing a foreclosure action, whether judicial or non-judicial against Plaintiff or his property.

22.

Plaintiff is entitled to a preliminary injunction, enjoining all Defendants from (a) initiating or continuing any foreclosure action, judicial or non-judicial, against Plaintiff or against the Property; (b) listing or advertising the Property for sale; (c) selling the Property; or (d) initiating or continuing any dispossessory proceeding against Plaintiff or with respect to the Property; while their action is pending.

23.

Plaintiff is entitled to a permanent injunction, enjoining all Defendants

from (a) initiating or continuing any foreclosure action, judicial or non-judicial, against Plaintiff or against the Property; (b) listing or advertising the Property for sale; (c) selling the Property; or (d) initiating or continuing any dispossessory proceeding against Plaintiff or with respect to the Property.

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT 111

## PLAINTIFF IS ENTITLED TO SET ASIDE SALE UNDER POWER DUE TO BREAK IN CHAIN OF TITLE IN THE FULTON COUNTY GEORGIA RECORDS ,

### 24.

Plaintiff asserts that there are several  documents recorded in Fulton County, Georgia Records which indicate a break in the chain of title, and Plaintiff is entitled to have such  documents cancelled of record.

### 25.

Plaintiff asserts that there are several breaks in the chain of title recorded  in Fulton  County, Georgia Records relating to the Plaintiff's real property, and these documents filed on the public records in fairness must be corrected..

### 26.

Further, Defendant, et al.. lacked a Power of Attorney, or any other authorization to transfer, convey, assign, or sell the beneficial rights of Plaintiff  due to "unclean hands" in Defendant's failure to modify Plaintiff's loan.  Plaintiff can prove that she is not in default on her mortgage.

### 27.

Furthermore ,Defendant  as grantee, could not legally transfer and assign its right, title, interest, powers, and immunities as a grantee because this designation

exceeds its publicly stated authority to act (as it does not hold a beneficial interest in the property); therefore, due to a break in the chain of title. .

28.

Plaintiff is entitled to cancellation of the sale under power due to constructive fraud upon the court by the Defendant in refusing to modify Plaintiff's loan.

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT IV.

### SPECIFIC PERFORMANCE

28.

Plaintiff incorporates and re-alleges the allegations under the Paragraphs 1 through 28.

29.

Plaintiff asks the Court to do the following:  a) establish an enforceable

Contract or price for Plaintiff's modification based on the March 15, 2009

contract ;  b) adequate consideration, and a just and reasonable contract; c) Plaintiff

did have the ability to meet the guidelines for the modification but Defendant

refused Plaintiff for unknown reasons;  d) Defendant breached the contract;   e)

inadequacy of remedy at law;

## COUNT V

### PROMISSORY ESTOPPEL O.C.G.A. 13-3-44 (a)

30..

Defendant has made promises to Plaintiff that are unfulfilled and should be stopped

from pursuing it's Foreclosure. Plaintiff applied for a modification two times and was

denied at the last moment.

The essential elements of promissory estoppel are codified in   which provides in

essence:

> (1) the defendant made a promise or promises;
>
> (2) the defendant should have reasonably expected the plaintiff to rely on
> such promise;
>
> (3) the plaintiff relied on such promise to (its) detriment; and
>
> (4) an injustice can only be avoided by the enforcement of the promise,
> because as a result of the reliance, plaintiff changed (its) position to (its)
> detriment by surrendering, forgoing, or rendering a valuable right.

The law in their state is well settled, a claim predicated on a theory of promissory

estoppel may lie even though the promise was made in a contract that is not legally

enforceable.  SU-PACIFIC ENTERPRISES v. GIRARDOT, 251 Ga. App. 101, 103 (1)

(553 S.E. 2ns 638 (2001). KAMAT v. ALLATOONA  FED. SAVINGS BANK, 235 Ga.

App. 283,286 (2) (508 S.E. 2d 6666) (1998),  CENTER  V. HUDGENS, 256 Ga. 129,

134-135 (6,7) (345 S.E. 2d 330) (1986).

## COUNT VI.

## VIOLATIONS OF CONSUMER CREDIT PROTECTION ACT (CCPA )

31. Facts to support CCPA argument:  Plaintiff states in her Affidavit (Exhibit B) the following:

32. Plaintiff incorporates and realleges all of the allegations set forth in Paragraphs 1 through 1-31

as if fully set forth herein.

41. Title 15 USC Chapter 41 § 1461(g) states:

> (g) Notice of new creditor
> In addition to other disclosures required by this subchapter, no later
> than 30 days after the date on which a mortgage loan is sold or
> otherwise transferred or assigned to a third party, the creditor that is
> the new owner or assignee of the debt shall notify the borrower in
> writing of such transfer, including -
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf
> of the new creditor;
> (D) the location of the place where transfer of interest in the debt is
> recorded; and
> (E) any other relevant information regarding the new creditor.
> Plaintiffs are entitled to actual and statutory damages as a result of
> the Defendants violation of the Consumer Credit Protection Act.

42.     Defendants violated the CCPA by failing refusing to disclose the purported

assignments/transfer of the Promissory Note and DOT.

### COUNT VI111

### VIOLATION OF FEDERAL REGULATIONS, REGULATION X, 12 C.F.R. § 1024.41

### (b)(2)(i)(A)

43.     Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 42

herein as if fully set forth herein.

44..     Code of Federal Regulations, Regulation X, 12 C.F.R. § 1024.41 (b)(2)(i)(A)

requires that when a bank is made aware of a communication that can reasonably be deemed to

be an application for loss mitigation, the servicer must promptly conduct a review to determine

whether the communication represents a complete or an incomplete application. Re. X, 12 C.F.R.

§ expressly notes, "if a servicer receives a loss mitigation application 45 days or more before a foreclosure sale, a servicer shall: (A) Promptly upon receipt of a loss mitigation application, review the loss mitigation application to determine if the loss mitigation application is complete." Reg. X, 12 C.F.R. § 1024.41 (b)(2)(i)(A).

33.. Defendants Select Portfolio Servicing , Wells Fargo Bank   did not conduct a review to determine whether the Plaintiff's submitted loan modification application represented a complete or an incomplete loan modification application.

34.. Reg. X, 12 C.F.R. § 1024.41(b)(1) requires that when a servicer deems the loss mitigation application to be incomplete, the servicer must act affirmatively to complete the application. The servicer must exercise "reasonable diligence" to obtain any documents and information it claims to require to complete the application.

35. Reg. X, 12 C.F.R. § 1024.41(b)(1) expressly notes, "[A} complete loss mitigation application means an application in connection with which a servicer has received all of the information that the servicer requires from the borrower in evaluation applications for the loss mitigation options available to the borrower. A servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." Reg. X, 12 C.F.R. § 1024.41(b)(1).

36. Defendants Select Portfolio Servicing  and Wells Fargo Bank. did not act affirmatively to complete the Plaintiff's loan modification application and did not exercise reasonable diligence to obtain any documents/information to complete the application.

37. Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) requires (1) of the servicer determine that the application for loss mitigation is complete, it must send the borrower a notice acknowledging that the application is complete within five business days of receipt of the application, and (2)

The servicer must provide a written notice to the borrower describing the documents and information needed to complete the application.

38.     Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) expressly notes:

Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determine that the loss mitigation application is either complete or inco0mplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the application date pursuant to paragraph (2)(ii) of this section.

45..    Defendant Select Portfolio Servicing  and Federal Home Loan Mortgage Corp. did not send the Plaintiff a notice acknowledging that his loan modification application was complete within five days of receipt of the application and did not provide a written notice to Plaintiff or Plaintiff's counsel describing the documents and information needed to complete the application.

46.     Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii) requires the written notice outlined in Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) must include a reasonable date from the Bank by which the homeowner should submit the missing documents and information. Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii) expressly notes, "[T]he notice required pursuant to paragraph (b)(2)(i)(B) of this section must include a reasonable date by which the borrower submit the documents and information necessary to make the loss mitigation application complete."

47.     Defendants SELECT PORTFOLIO SERVICING  did not (1) provide the written notice outlined in Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B), and (2) did not provide a reasonable date from the Bank by which the borrower should submit the missing documents and information.

48.     As a result of the aforementioned conduct, Defendant SELECT PORTFOLIO

SERVICING is in violation of the Code of Federal Regulations , including but not limited to,

Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(A); Reg. X, 12 C.F.R. § 1024.41(b)(1); Reg. X, 12 C.F.R.

§ 1024.41(b)(2)(i)(B); Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii), and is attempting to foreclose on

the Plaintiff's property without any legal authority or standing to do so, and in violation of State

laws which were specifically enacted to protect consumers such as Plaintiff from the type of

abusive, deceptive, and unfair conduct in which Defendant engaged. Defendant's unlawful

conduct has caused Plaintiff's damages in an amount to be proven at trial. Defendants Wells

Fargo Bank as Trustees of their respective securitized trusts are liable for the actions

of the servicer because it is within the scope of said agency relationship.

## COUNT X

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 1692 f (6)

39...Plaintiff incorporates and realleges all of the allegations set forth in Paragraphs 1 through 1-

38 as if fully set forth herein.

40. 15 U.S.C. § 1692 a (6) Section 1692 f (6) directly regulates the conduct of securitity interest

enforcers. A person enforcing a security interest regulates more than just the collection of a

money debt. It prohibits: {t}aking or threatening to take any non-judicial action to effect

dispossession or disablement of property if (A) there is no present right to possession of the

property claimed as collateral through an enforceable security intention to take possession of the

property; or (C) the property is exempt by law from such dispossession or disablement .

1.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following from this Court:

A.      Order all parties with legal claim to stipulate and provide proof of claim against the above Warranty Deed;

B.      Remove all liens recorded prior to the date of the filing of this action; if said proof cannot be provided:

C.      Silence all clouds to title of those known and unknown.

D.      Allow Plaintiff Action for Specific Performance and a Modification

E.      Allow Plaintiff to recover costs and damages, and allow Attorney's fees as this court sees fit.

Respectfully submitted, this 1st 2 day of Oct. , 2019,

By: _____
Tawana Carter

115 Parkside Close
Alpharetta, Ga. 30022
404-908-9471