IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAWANA L. CARTER,<br><br>      Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., and WELLS FARGO BANK, N.A., as trustee for Fremont Home Loan Trust 2005 RR3, Mortgage Backed Certificates, Series 2005, RR3,<br><br>      Defendants. | CIVIL ACTION FILE<br><br>NO. 1:19-CV-4863-MHC |

### ORDER

This action for wrongful foreclosure and related claims was removed to this Court on October 29, 2019, by Defendants Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, National Association, as Trustee, on behalf of the certificate holders of Securitized Asset Backed Receivables LLC 2005-FR3 Mortgage Pass-Through Certificates, Series 2005-FR3 ("Wells Fargo")[1] (collectively, "Defendants"). Notice of Removal [Doc. 1]. Included in the record

---

[1] Defendants contend that this the correct party, which is incorrectly identified by Plaintiff in the style of the case.

of the proceeding before the Superior Court of Fulton County, Georgia, is an Emergency Motion for Temporary Restraining Order ("TRO") filed in that court on October 1, 2019, seeking to prevent the foreclosure sale of certain real property located at 115 Parkside Close, Alpharetta, GA 30022 (the "Property"). Emergency Mot. for TRO ("Pl.'s Mot.") [Doc. 5]; Compl. [Doc. 4] ¶¶ 1, 21-23. The Court held a hearing on November 4, 2019, to hear oral argument from the parties on Plaintiff's Motion. Despite being provided notice,[2] Plaintiff did not attend the hearing.

## I.   BACKGROUND

Plaintiff alleges that to finance the purchase of the Property, she borrowed $279,000.00 in 2005 from an entity referred to as "Fremont" at the "subprime predatory" rate of 8%, which the lender knew or should have known "she would never be able to repay." Compl. ¶ 15. Plaintiff alleges that "[t]here was a modification that was granted on March 15, 2009 by Bank of America which brought the payment down to $1,000 on a trial modification but the loan was never approved for a final modification." Id.

---

[2] The Clerk of Court mailed notice of the hearing to Plaintiff on October 30, 2019. See Docket entry at Oct. 30, 2019. The Court also informed Plaintiff of the date of the hearing by leaving her a voice mail on October 30, 2019, and again on November 1, 2019, at the telephone number she provided in her Complaint.

2

Plaintiff alleges she made six payments pursuant to the trial modification but then the trial modification was "suddenly denied." Id. ¶ 2. Plaintiff applied five more times for modifications from 2012 through 2019, each of which was denied. Id. ¶¶ 2, 14. Plaintiff alleges that SPS denied one application in January 6, 2015, stating that it would rather foreclose than agree to a modification. Id. ¶ 2. Plaintiff now sues to obtain "specific performance to get this modification." Id. ¶ 15.

Plaintiff seeks declaratory and injunctive relief in a variety of overlapping Counts. In Counts One through Four, Plaintiff requests that the Court establish her right to specific performance of a permanent loan modification and/or declare Defendants' lack of legal right or standing to foreclose, and/or set aside any foreclosure that has occurred. Id. ¶¶ 16-29. In Count Five, Plaintiff brings a claim for Promissory Estoppel, relating to the alleged promise for a trial loan modification in 2009. Id. ¶ 30. Count Six alleges a violation of the Consumer Credit Protection Act. Id. ¶¶ 31-42.[3] Count Seven[4] alleges the violation of 12

---

[3] The Court notes that many of the paragraphs in Plaintiff's Complaint are misnumbered and out of sequence.

[4] Plaintiff mislabels this Count as "Count1111."

C.F.R. § 1024.41. Id. ¶¶ 43-48. Count Eight[5] alleges a violation of the Fair Debt Collection Practices Act. Id. ¶¶ 39-40.

This is not the first time this Court has seen these claims against these same Defendants. This Court has twice previously dismissed Plaintiff's wrongful foreclosure claims against these Defendants based on the same set of operative facts. See Tawana L. Carter v. Select Portfolio Servicing, Inc., et al., Civil Action No. 1:15-CV-410-MHC-JSA (N.D. Ga.) (2015) ("Carter I"); Tawana L. Carter v. Select Portfolio Servicing, Inc., et al., No. 1:18-CV-3608-MHC (N.D. Ga.) ("Carter II") (2018).[6]

### A.   Carter I

On January 9, 2015, Plaintiff filed a lawsuit in the Superior Court of Fulton County, Georgia, against SPS and Wells Fargo. See Carter I. Plaintiff alleged that on March 15, 2009, Bank of America approved a loan modification for her mortgage but then "suddenly denied" it after she had already made six payments. Compl., Carter I [Doc. 1-1] at 10. Plaintiff characterized this action as "a classic

---

[5] Plaintiff mislabels this Count as "Count X."

[6] "A court may take judicial notice of its own records and the records of inferior courts." United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (citation omitted).

4

case of promissory estoppel." Id. Plaintiff alleged various other attempts she made to obtain a loan modification, culminating in a denial by Defendant SPS on January 6, 2015, which stated that it "would rather foreclose than do a modification." Id. at 11.

Plaintiff sought a declaratory judgment and injunction, as well as specific performance, seeking to enforce the loan modification that she alleges she was entitled to and to divest Defendants of any right to foreclosure. Id. Plaintiff argued that "because said security deed was never lawfully assigned to Defendant . . . no lawful Assignment exists in the Public Records of the Fulton County Georgia Real Estate Records." Id. Plaintiff also brought claims of civil conspiracy and "promissory estoppel." Id. at 10-21.

On February 11, 2015, Defendants removed Carter I to this Court on the basis of diversity jurisdiction. Notice of Removal, Carter I [Doc. 1]. Defendants subsequently moved to dismiss the action on March 6, 2015. Mot. to Dismiss, Carter I [Doc. 6]. On December 23, 2015, this Court granted Defendants' motion to dismiss the entire lawsuit based on Plaintiff's failure to state a claim for relief as a matter of law.

### B.     Carter II

Plaintiff filed a substantially similar action in the Superior Court of Fulton County on June 28, 2018.  See Carter II.  Unlike Carter I, the Complaint in Carter II included three federal claims: (1) a claim under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1641; (2) Regulation X, 12 C.F.R. § 1024.41(a), promulgated under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et al.*; and (3) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*  See Compl., Carter II [Doc. 1-1].

Although it added three new causes of action, Carter II included the same (nearly verbatim) background, factual allegations, and several of the same claims as Carter I, including the same description of Plaintiff's various unsuccessful efforts to obtain a modification of her loan; Defendants' refusal to allow a modification in 2015 because they "would rather foreclose"; the same explanation of the supposed deficiencies in the assignment history and/or "break in chain of title"; and claims for promissory estoppel, specific performance, injunction, and declaratory judgment.  See id. at 11-24.  Defendants removed again, this time based on federal question jurisdiction under 28 U.S.C. § 1331.  Notice of Removal, Carter II [Doc. 1].  Defendants thereafter moved to dismiss, arguing that Plaintiff's claims were the same and due to be dismissed pursuant to the *res judicata*

doctrine.⁷ This Court granted the motion to dismiss holding that *res judicata* barred all of Plaintiff's claims in Carter II as a matter of law, adopting without objection from Plaintiff the following language from the Magistrate Judge's Report and Recommendation ("R&R"):

> In this case, Plaintiff does not contest that res judicata bars all of her claims, and it appears to the Court that the claims are clearly barred. On its face, the first three elements of res judicata apply, as Carter I reached a final judgment, by a Court of competent jurisdiction, and involved the same parties that are the litigants in this case. As for the fourth and final element, many of the claims are reproduced nearly verbatim from the Complaint in Carter I and therefore clearly are barred. This Complaint does contain new federal claims, as explained above. But a review of the Complaint shows, and Plaintiff does not dispute, that these new claims are based on the same transactions or events in the prior suit and could have been brought in that suit. Indeed, each of these claims incorporates the same factual allegations that are reproduced nearly verbatim from Carter I.
>
> Thus, in Carter I, Plaintiff asserted, and the Court rejected, her meritless theory challenge to Defendants' standing to foreclose based on a

---

⁷ Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits in a civil action operates to preclude a party from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action. Federated Dep't Stores, Inc., v. Moitie, 452 U.S. 394, 398 (1981). The doctrine of *res judicata* applies as an absolute bar to claims brought in the previous suit and claims that could have been brought in the previous suit if the following four elements are present: (1) there is a final judgment on the merits in the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical; and (4) the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. Laskar v. Peterson, 771 F.3d 1291, 1300 (11th Cir. 2014).

> purported "break" in the chain of title and/or flawed assignments. Plaintiff's attempt to bring additional claims under the CCPA and the FDCPA based on this same set of events is barred. Likewise, in <u>Carter I</u>, Plaintiff brought several meritless claims based on Defendants' alleged conduct in failing to modify her loan and engaging in foreclosure instead. Plaintiff could have brought a RESPA/Regulation X challenge in <u>Carter I</u>, and her attempt to do so now based on the same factual circumstances at issue in <u>Carter I</u> is not permitted. Accordingly, the Court finds that all of the Plaintiff's claims asserted in this action are subject to dismissal on the ground of *res judicata* or claim preclusion.

<u>See</u> R&R, <u>Carter II</u> [Doc. 4] at 10-11; Order, <u>Carter II</u> (Sept. 20, 2018) [Doc. 6].

### C. The Present Lawsuit

Plaintiff filed the above-styled lawsuit on October 1, 2019, in the Superior Court of Fulton County. <u>See</u> Compl. Apart from a slight modification adding the factual allegation that Plaintiff filed for more loan modifications in 2018 and 2019, <u>see id.</u> ¶¶ 2, 14, the present Complaint is nearly identical to the complaint in <u>Carter II</u>, containing the same factual recitation and same legal claims. <u>See</u> Compl.

## II. LEGAL STANDARD - PRELIMINARY INJUNCTION[8]

In order to obtain a preliminary injunction, a plaintiff must demonstrate:

---

[8] Because Defendants have received notice of Plaintiff's Motion and have prepared written response thereto [Doc. 7], this Court considers Plaintiff's Motion as a motion for preliminary injunction. <u>See</u> FED. R. CIV. P. 65(a).

8

(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would not be adverse to the public interest. Scott v. Roberts, 612 F.3d 1279, 1290 (11th Cir. 2010); Project Vote, Inc. v. Kemp, 208 F. Supp. 3d 1320, 1348 (N.D. Ga. 2016). A preliminary injunction is "an extraordinary and drastic remedy" which should be granted only when the movant clearly carries the burden of persuasion as to each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quotation and citation omitted). "Failure to show any of the four factors is fatal" to a motion for a preliminary injunction. Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009).

The Court recognizes that Plaintiff is appearing *pro se*; thus, her complaint is to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

### III. ANALYSIS

In her Complaint and Motion, Plaintiff seeks declaratory and injunctive relief to prevent an impending foreclosure by challenging an assignment of the

9

Security Deed and demanding modification of the repayment terms thereunder as a matter of law.  See Pl.'s Mot. at 7 (seeking a "temporary and permanent Restraining Order to bar Defendants from Proceeding with a nonjudicial foreclosure sale until this case has been concluded in Superior court.").  However, Plaintiff has failed to argue, let alone demonstrate, that she is likely to succeed on the merits of any of the claims in her Complaint.  See Pl.'s Mot.  Moreover, Plaintiff has failed to address why, in the context of Carter I and Carter II, the claims presented in this case are not barred by *res judicata*.

The Court is aware of how serious and devastating it is for any person to face the loss of a home to foreclosure.  However, the Court is authorized to grant injunctive relief only when, among other grounds, the movant established a likelihood of success on the merits of her complaint.  The Court finds that Plaintiff falls far short of establishing a likelihood of success on the merits of her claims.  Accordingly, Plaintiff's Emergency Motion for Temporary Restraining Order [Docs. 5] is **DENIED**.

IV.   **CONCLUSION**

It is hereby **ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order [Docs. 5] is **DENIED**.  Because Plaintiff's Complaint contains a claim brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et

seq., the Clerk is **DIRECTED** to refer this action to the next available Magistrate Judge pursuant to Standing Order 18-01 and standard assignment procedures.

**IT IS SO ORDERED** this 4th day of November, 2019.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge