**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TAWANA L. CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING,<br>INC., and WELLS FARGO BANK,<br>N.A., AS TRUSTEE FOR FREEMONT<br>HOME LOAN TRUST 2005 RR3,<br>MORTGAGE BACKED CERTIFICATE<br>SERIES 2005 RR3,[1]<br><br>    Defendants. | Case No: 1:19-cv-04863-MHC |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

COME NOW, Defendants Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC 2005-FR3 Mortgage Pass-Through Certificates, Series 2005-FR3, ("Wells Fargo"), (collectively, the "Defendants"), and file this Memorandum of Law in Support of their Motion to Dismiss, respectfully showing this Honorable Court as follows:

---

[1] This Defendant is incorrectly identified in the style of this case. The correct party to this case is Wells Fargo Bank, National Association, as Trustee, on behalf of the certificateholders of Securitized Asset Backed Receivables LLC 2005-FR3, Mortgage Pass-Through Certificates, Series 2005-FR3.

## RELEVANT FACTS AND PROCEDURAL HISTORY

**A.     Procedural History**

The instant action represents this Plaintiff's third filing of almost identical complaints and emergency motions for injunctive relief to stall the foreclosure on the Property located at 115 Parkside Close, Alpharetta, Georgia 30022 (the "Property"), despite her failure to honor her mortgage obligation. On January 9, 2015, Plaintiff filed a Complaint in the Superior Court of Fulton County, Georgia that was ultimately removed to this court and assigned Civil Action Number 1:15-cv-00410 (*Carter I*).[2] *Carter I* Complaint, attached as **Exhibit "A"**. *Carter I* sought to prevent an impending foreclosure by challenging an assignment of the Security Deed and demanding modification of the repayment terms thereunder as a matter of law.

These arguments were readily dispensed with in the magistrate judge's Report and Recommendation and the case was subsequently dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. *Carter I* Report and

---

[2] Defendants respectfully request that this Court take judicial notice of all filings from *Carter I*, *Carter II,* and Plaintiff's prior bankruptcy cases as cited and referenced herein, pursuant to Fed. R. Evid. 201(c)(2) and *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981); *United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987)(both finding a court may take judicial notice of its own records or of those of inferior courts.)

Recommendation and *Carter I* Order Adopting Report and Recommendation, attached, collectively, as **Exhibit "B"**. On June 28, 2018, Plaintiff filed a second action in the Superior Court of Fulton County, assigned Civil Action Number 2018CV307119 *(Carter II)*. *Carter II* Complaint, attached as **Exhibit "C"**. *Carter II* was also removed to this Court, where it was assigned Civil Action Number 1:18-cv-03608-MHC.

As in *Carter I*, the Complaint in *Carter II* recited an extensive list of conclusory statements that were completely devoid of facts. Though Plaintiff changed the formatting of her pleading in *Carter II*, the Complaint recited the same underlying claims and mirrored the averments of *Carter I*. On August 30, 2018, Magistrate Judge Justin Anand issued a Report and Recommendation stating that Plaintiff's claims in *Carter II* were barred by the doctrine of *res judicata* and recommended that they be dismissed. *Carter II* Report and Recommendation, attached as **Exhibit "D"**. On September 20, 2018, this Court adopted the Report and Recommendation, and *Carter II* was dismissed. *Carter II* Order Adopting the Report and Recommendation, attached as **Exhibit "E"**.

**B.     Title to the Property**

Plaintiff establishes by her own admissions that on February 22, 2005, she obtained a loan in the amount of $279,000.00 from Fremont Investment & Loan

3

Corporation ("Fremont") and used the funds to finance her purchase of the Property. [Doc. 4, ¶ 4]. That same day, Plaintiff executed a security deed that conveyed legal title to the Property to Fremont as security for the debt (the "Security Deed").[3]  [Doc. 4, ¶ 4]. Security Deed, attached hereto as **Exhibit "F"[4]**. The Security Deed was last assigned to Wells Fargo Bank, National Association, as Trustee, on behalf of the certificateholders of Securitized Asset Backed Receivables LLC 2005-FR3, Mortgage Pass-Through Certificates, Series 2005-FR3 ("Wells Fargo"), via the Corporate Assignment of Mortgage/ Security Deed, executed on January 9, 2018 and recorded at Deed Book 58405, Page 672 (the "Assignment"). Assignment, attached as **Exhibit "G"**.

## C.    The Instant Complaint

Just as in *Carter I* and *Carter II*, Plaintiff's most recent filing (the "Instant Complaint") features a third nearly identical Complaint asserting challenges to the

---

[3] Plaintiff mistakenly refers to the recording date for the Security Deed as May 1, 2005, however the Security Deed she references (even including the recording information at Deed Book 39500, Page 567, Fulton County, Georgia records), was recorded on March 1, 2005.

[4] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1990)(permitting consideration of public records at the motion to dismiss stage under Fed. R. Evid. 201).

Assignment and claims relating to her loan and the Security Deed.[5] Here Plaintiff, uses the same Complaint template from her prior litigation to provide a history of her applications for loan modifications and the various denials. *See* [Doc. 4]. The claims in the Instant Complaint are divided and focus alternately on Plaintiff's unsupported and previously debunked challenges to the assignment of her security deed, [Doc. 4, ¶¶ 18, 24-28], and on a trial loan modification agreement between Plaintiff and Bank of America from 2009. [Doc. 4, ¶¶ 2, 15, 29]. Specifically, Plaintiff asserts that she is "entitled to a declaratory judgment that Defendant has no right, title or interest in and to the Security Deed because said security deed was never lawfully assigned to Defendant," [Doc. 4, ¶ 18], and that there was a modification that was granted on March, 15 2009 by Bank of America which brought the payment down to $1000 on a trial modification but the loan was never approved for a final modification," [Doc. 4, ¶ 15].

The remainder of the Instant Complaint is comprised entirely of legal conclusions that are demonstrably false and completely unsupported by any factual allegations. [Doc. 4, *generally*]. Specifically, Plaintiff asserts that she is "entitled to cancellation of the sale under power" (rooted in a challenge to the Assignment); and a declaration from this Court that equates to a loan "modification based on the

---

[5] This Complaint contains minor changes, including the addition that Plaintiff applied for another loan modification in 2019 and was denied.

March 15, 2009 contract." [Doc. 4, ¶ 28]. Plaintiff concludes the Instant Complaint with claims under the Consumer Credit Protect Act ("CCPA"), the Real Estate Settlement and Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA") that are copied wholesale from her Complaint in *Carter II.* [Doc. 4, pp. 9-13]; Exhibit C, pp. 19-23.

Importantly, under the doctrine of *res judicata*, both Plaintiff's state law claims and her Federal claims under RESPA and the FDCPA are barred entirely from re-litigation.

## ARGUMENT AND CITATION TO AUTHORITY

### A.    Standard of Review

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B.     Plaintiff's Complaint must be dismissed, and her claims are barred by the doctrine of res judicata**

The Eleventh Circuit has held "that federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction." *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1316 (11th Cir. 2003) (citations omitted). Under federal preclusion principles,

> a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action."

*In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir. 2001); *See Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir.1992); *See also In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1550 (11th Cir.1990).

This Court is permitted to take judicial notice of filings and orders in prior cases in order to determine whether *res judicata* bars a subsequent case, without converting a motion to dismiss to one for summary judgment. *Nelson v. U.S.*, 64 F. Supp. 2d 1318, 1321 (N.D. Ga. 1999) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010). As such,

this Court can look to *Carter I* and *Carter II* to determine whether *res judicata* applies. Undoubtedly, all of the factors for *res judicata* are satisfied here.

As an initial matter, the Complaints in *Carter I* and *Carter II* were removed to this Court upon diversity jurisdiction and federal question jurisdiction, respectively. *See Carter I,* 1:15-cv-00410, [Doc. 1], and *Carter II,* 1:18-cv-03608-MHC, [Doc. 1]. The removal in *Carter I* notes that there is complete diversity between Plaintiff and Defendants, the property at issue is valued at $270,500.00, and Plaintiff demanded $1,500,000.00 in damages. *Carter I,* 1:15-cv-00410, [Doc. 1, ¶¶ 10, 20, 21]. Therefore, this court had jurisdiction in *Carter I* pursuant to 28 U.S.C. §§ 1332(a), 1141(a).

The removal in *Carter II* states that this Court's Jurisdiction was based upon the Court's original jurisdiction pursuant to 28 U.S.C. § 1331. *Carter II,* 1:18-cv-03608-MHC, [Doc. 1, ¶ 6]. Specifically, the Complaint in *Carter II* sought relief under the CCPA, 15 U.S.C. § 1641; under RESPA, 12 U.S.C. §§ 2601 *et seq.;* and under the FDCPA, 15 U.S.C. §§ 1692 *et seq.* Exhibit C, pp. 19-23. This Court had jurisdiction in *Carter II* under 28 U.S.C. § 1331. Further, this Court had supplemental jurisdiction over Plaintiff's state law claims in *Carter II*, pursuant to 28 U.S.C. § 1367, which permits the district courts to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Accordingly, this Court was and is one of competent jurisdiction for Plaintiff's filings, and the first element of *res judicata* has been met.

Second, in both *Carter I* and *Carter II,* this Court rendered a final adjudication on the merits of Plaintiff's Claims. In its final order in *Carter I* the court approved and adopted the Report and Recommendation and ordered that the Motion to Dismiss for failure to state a claim be granted and the case be dismissed. Exhibit B, pp. 17-18. In its final order in *Carter II* this Court approved and adopted the Report and Recommendation of the Magistrate judge finding that Plaintiff's claims were barred by *res judicata*, Exhibit D, pp. 10-11, and Ordered that "Defendants' Motion to Dismiss [wa]s Granted. And Plaintiff's Complaint [wa]s Dismissed." Ex. E. Therefore, the court's final orders in *Carters I* and *II* satisfy the second element of *res judicata.*

Third, both *Carter I* and *Carter II* involved identical parties to this action and satisfy the *Piper* Court's requirement that cases must involve the same parties or their privies. In fact, Plaintiff's Complaints in each of her previous actions, and in the instant action contain identical initial pages. Ex. A; Ex. C; [Doc. 4]. The identity of parties is so complete, that Plaintiff has made the same error in the

9

identification of the Wells Fargo Trust series in the style and body of each of the three successive actions down to the letter. *Id.* Accordingly, the third requirement is undeniably satisfied.

Finally, Plaintiff's previous causes of action share a common factual basis with the Instant Complaint. To determine whether "the same cause of action is involved in both cases," this Court "must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case." *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1299 (11th Cir. 2001) (quoting *Pleming v. Universal-Rundle Corp.,* 142 F.3d 1354, 1357-58 (11th Cir. 1998)). Specifically, it must be determined whether the second case involves "legal theories and claims arising out the same operative nucleus of fact." *Id.* Here, the Instant Complaint shares its first seven pages with the Complaint in *Carter I* and is a near exact reproduction of its counterpart in *Carter II*. Once again, the Plaintiff in this action attempts to challenge the rights of assignment of the Security Deed and offers the same justification as in her first unsuccessful pleading. Ex. A and C, [Doc. 4]. Accordingly, the present complaint satisfies the fourth and final element.

Though they were filed years apart, all of Plaintiff's claims arise out of the same facts that have been before this Court since *Carter I*. Each claim relates back to the same challenges to the chain of title, and the same alleged trial loan

modification from 2009. *Id.* Having failed to state a claim in each prior iteration, Plaintiff's Instant Complaint does not deviate from the form of the previous failures. [Doc. 4]. Each of Plaintiff's Complaints and claims arise out of the same nucleus of operative fact and the Instant Complaint is barred from relitigation. *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1299 (11th Cir. 2001) (quoting *Pleming v. Universal-Rundle Corp.,* 142 F.3d 1354, 1357-58 (11th Cir. 1998)).

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 5th day of November 2019.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> COREY R. MENDEL (GA Bar No. 604149)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> bchaness@rubinlublin.com
> crothschild@rubinlublin.com
> *Attorneys for Defendants*

## <u>FONT CERTIFICATION</u>

In accordance with LR 7.1(D), the undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font pursuant to LR 5.1(B).

This 5th day of November 2019.

<u>/s/ Bret J. Chaness</u>
BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 5th day of November 2019 served the Plaintiff with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Tawana Carter
115 Parkside Close
Alpharetta, GA 30022

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)