IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAWANA L. CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., and WELLS FARGO BANK, N.A., AS TRUSTEE FOR FREEMONT HOME LOAN TRUST 2005 RR3, MORTGAGE BACKED CERTIFICATE SERIES 2005 RR3,[1]<br><br>    Defendants. | Case No: 1:19-cv-04863-MHC |

**RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS**

COME NOW, Defendants Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC 2005-FR3 Mortgage Pass-Through Certificates, Series 2005-FR3, ("Wells Fargo"), and file this Response to Plaintiff's second Motion to

---

[1] This Defendant is incorrectly identified in the style of this case. The correct party to this case is Wells Fargo Bank, National Association, as Trustee, on behalf of the certificateholders of Securitized Asset Backed Receivables LLC 2005-FR3, Mortgage Pass-Through Certificates, Series 2005-FR3.

1

Extend Time to Respond to Motion to Dismiss respectfully showing this Honorable Court as follows.

On October 1, 2019 Plaintiff filed the instant action in the Superior Court of Fulton County (case number 2019CV327392) requesting an injunction to stall a foreclosure of real property. On October 29, 2019, defendants, SPS and Wells Fargo, removed the case to this Court, and on November 5, 2019, filed a Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) ("Defendants' Motion"). [Docs. 1 and 10]. Seventeen days later, on November 22, 2019, Plaintiff filed an untimely motion for extension of her response time, seeking additional time to respond to Defendants Motion, which this Court ultimately granted. [Doc. 12].

In its Order, entered December 12, 2019, this Court provided Plaintiff with a total of thirty-eight days to respond to Defendants' Motion, directing Plaintiff to file a response by December 24, 2019. Plaintiff failed to comply with this Court's directive and filed an additional motion for extension on December 26, 2019. [Doc. 15]. This second Motion requested an additional twenty-five days to respond to Defendants' Motion and cited Plaintiff's *pro se* status as the reason for her request. [Doc. 15, pp. 1-2].

As an initial matter, Plaintiff's second request for extension is identical in substance to her first Motion. [Doc. 15]. In fact, Plaintiff's second motion

2

conforms with her first so completely that she failed to amend the dates of her requested extension deadlines. Specifically, Plaintiff request[s] an additional 15 days from November 20, 2019 within which to file a response." [Doc. 15, ¶¶ 3-4]. According to the plain language of her second motion, Plaintiff seeks to extend the deadline to file her response through December 4, 2019, which is more than twenty days *before* the date upon which she made the request. Simply put, Plaintiff's request should be denied as impossible. Moreover, regardless of the feasibility of Plaintiff's request, her second motion utterly fails to provide an adequate justification to permit a second extension.

Fed. R. Civ. P. 6(b)(1), provides that district courts "may, for good cause, extend the time [for a response]… if the request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect." As discussed above, Plaintiffs second motion is identical in substance to its predecessor. Once again, Plaintiff argues that she is unrepresented and that she "needs additional time to hire a researcher" to compose a response. [Doc. 15, ¶ 2]. Having set forth these exact reasons before, it is unclear whether Plaintiff has made any progress in drafting a response or in obtaining assistance with her research. Therefore, not only has Plaintiff once again failed to request her extension prior to the expiration of her deadline, Plaintiff has

also failed to demonstrate any excusable reason for the additional requested extension. Accordingly, her motion must be denied.

Under the local rules of this Court, "[a]ny party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion." LR 7.1(b), NDGa. Plaintiff's request specifies that "the need an additional 25 days to respond and Leave to Amend." [Doc. 15, ¶ 2]. This request is in addition to the generous extension already provided by this Court. Plaintiffs "decision to file this action *pro se* ... does not excuse [her] from adhering to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court." *Lampley v. IMS Mgmt. Servs., LLC*, CIVIL ACTION NO. 1:08-CV-2116-JTC-CCH, 2009 WL 10665763, at *2 (N.D. Ga. Apr. 15, 2009), adopted by 2009 WL 10668649, at *1 (N.D. Ga. June 9, 2009); *see also Kynes v. PNC Mortg.*, Civil Action File No. 1:12–CV–4477–TWT, 2013 WL 4718294, at *7 (N.D. Ga. Aug. 30, 2013), (noting that "liberal construction of the pleading requirements for *pro se* litigants does not equate with liberal construction of court deadlines").

While SPS and Wells Fargo do not object to a second extension, Defendants do oppose a provision of an additional twenty-five days for Plaintiff to file a response to their motion. An extension of an additional twenty-five days as

4

requested in Plaintiff's Motion would bring Plaintiff's response time to a total of sixty-three days, far exceeding the local rule limitation. Defendants respectfully request that if this Court finds good cause for granting Plaintiff's Motion, it curtail the proposed extension and only provide Plaintiff an additional fourteen days from the date she filed her Motion, or through January 9, 2020, in which to file her response.

Respectfully submitted, this 3rd day of January 2020.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)
>COREY R. MENDEL (GA Bar No. 604149)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>bchaness@rubinlublin.com
>crothschild@rubinlublin.com
>
>*Attorneys for Defendants*

## **FONT CERTIFICATION**

In accordance with LR 7.1(D), the undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font pursuant to LR 5.1(B).

This 3rd day of January 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day served the Plaintiff with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Tawana Carter
115 Parkside Close
Alpharetta, GA 30022

This 3rd day of January 2020.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)