FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 1 7 2020

JAMES N. HATTEN, Clerk
By: Kw

Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TAWANA L. CARTER,

    Plaintiff,

vs.

SELECT PORTFOLIO
SERVICING, INC., ET AL.,

    Defendants.

CASE NO.: 1:19-CV-04863-MHC

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**COMES NOW**, Plaintiff Tawana L. Carter (hereinafter referred to as "Plaintiff"), who via Pro Se submission files this, her Response in Opposition to Defendants Select Portfolio Servicing, Inc., and Wells Fargo Bank, N.A., as Trustee for Freemont Home Loan Trust 2005 RR3, Mortgage Backed Certificate Series 2005 RR3 ("Defendants")' Motion to Dismiss, and in support thereof states as follows:

## INTRODUCTION / BACKGROUND

On February 22, 2005, Plaintiff obtained a loan in the amount of $279,000.00 from Fremont Investment & Loan Corporation ("Fremont") and used

the funds to finance her purchase of the subject property. [Doc. 4, ¶4]. That same day, Plaintiff executed a security deed that conveyed legal title to the subject property to Fremont as security for the debt (the "Security Deed"). [Doc. 4, ¶4]. The Security Deed was allegedly last assigned to Wells Fargo Bank, National Association, as Trustee, on behalf of the certificateholders of Securitized Asset Backed Receivables LLC 2005-FR3, Mortgage Pass-Through Certificates, Series 2005- FR3 ("Wells Fargo"), via the Corporate Assignment of Mortgage/ Security Deed, executed on January 9, 2018 and recorded at Deed Book 58405, Page 672 (the "Assignment"). Said transfers are questionable and suspect as best. Additionally, the repeated denials for a permanent loan modification have not been done in accordance with federal law, which has caused Plaintiff emotional and financial damages, as laid out in the Complaint. See Complaint, Doc. 1, ¶¶1-6, 14-15.

Plaintiff initiated the instant action against the Defendants via the filing of her Complaint for Damages. In the Complaint, Plaintiff asserts the following causes of action: Declaratory Relief, Injunctive Relief, Set Aside Sale, Specific Performance, Promissory Estoppel, Violations of the Consumer Credit Protection Act ("CCPA"), Violations of Federal Regulations, and Violations of Fair Debt Collections Practices Act ("FDCPA"). Plaintiff's claims arose as a direct result of Defendants' wrongful conduct surrounding an underlying Mortgage and Note

2

securing the real property located at 115 Parkside Close, Alpharetta, GA 30022 (hereinafter referred to as the "subject property").

Per the allegations in Plaintiff's complaint, Defendants have engaged in a calculated and orchestrated scheme to improperly and illegally transfer any alleged interest in the subject property, defraud Plaintiff for their own material and financial benefit, and wrongfully attempt to foreclose and retain possession of the subject property. As a direct result of Defendants' wrongful conduct, Plaintiff has been emotionally and financially damaged. Additionally, as the allegations in Plaintiff's complaint sufficiently support all cognizable claims put forth, Defendants' Motion to Dismiss Plaintiff's Complaint should be denied in its entirety, or in the alternative, Plaintiff should be granted leave of court to amend her complaint.

Plaintiff originally filed this case in the Superior Court of Georgia, in and for Fulton County, on October 1, 2019 under Case No. 2019CV327392. Defendants had this case removed to federal court on October 29, 2019. Shortly thereafter, Defendants filed their Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (See Docs. 1 and 10).

## DISMISSAL WITH PREJUDICE IS NOT WARRANTED.

Defendants seek to dismiss Plaintiff's claims with prejudice.  Plaintiff submits that dismissal with prejudice is not warranted under the circumstances.  "...since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations."  *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970); *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967).  This is not one of these extreme situations which warrants an order of dismissal with prejudice.

Here, even if the Court is inclined to agree with Defendants' baseless arguments in support of dismissal, Plaintiff should be awarded the opportunity to amend her complaint, as opposed to imposing the 'ultimate sanction' of dismissal with prejudice, thus barring Plaintiff from bringing forth his cognizable claims against Defendants.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). While the plaintiff's allegations need not satisfy any "technical form," they "must be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). Rule 8's pleading standard "does not require `detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Plaintiff's complaint contains short plain statements which put Defendants on due notice of the allegations against them and the claims Plaintiff brings forth. In essence, Plaintiff alleges that the transfer(s) and any alleged interest in the subject property by Defendants was procured wrongfully and not in compliance with state and federal law. Additionally, the repeated denials of loan modifications are suspect as Plaintiff has not been given any reasonable explanation as to the string of denials. Contrary to Defendants' assertions, Plaintiff has met the pleading standard as required under the Federal Rules of Civil Procedure, thus a dismissal with prejudice is not warranted.

It is well established in this District that a complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged

fail to state a "plausible" claim for relief.  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."   In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  Generally, notice pleading is all that is required for a valid complaint.  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Fed. R. Civ. P. 12(b)(6);  *Bell Atlantic v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir.1983); see also *Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"); *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.1985), cert. denied, 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986).

## CONCLUSION

Based on the foregoing, Plaintiff requests that this Honorable Court deny Defendants' Motion to Dismiss, and in the alternative, grant leave of court to amend her Complaint, and award Plaintiff any other relief deemed just and proper.

Dated: January 15, 2020.                    Respectfully submitted,

Tawana L. Carter
Pro Se Plaintiff
115 Parkside Close
Alpharetta, GA 30022
Phone: 1.678.908.9471

## FONT CERTIFICATION

In accordance with Local Rule 7.1(D), the undersigned hereby certifies that the foregoing was prepared using Times New Roman, 14-point font pursuant to

Local Rule 5.1(B).

Tawana L. Carter
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response in Opposition was sent to Counsel for Defendants, Bret J. Chaness at RUBIN LUBLIN LLC, 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, GA 30071, via U.S. Mail, on this 15th day of January 2020.

8

Tawana L. Carter
Pro Se Plaintiff
115 Parkside Close
Alpharetta, GA 30022
Phone: 1.678.908.9471

Taw[...]
115 Parkside Close
Alpharetta, GA.
30022

STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7019 1640 0001 4306 7881





U.S. POSTAGE PAID
FCM LG ENV
ALPHARETTA, GA
30005
JAN 15, 20
AMOUNT
**$4.65**
R2304E106175-39

1028        30303

CLEARED
JAN 17 2020
U.S. Marshals Service
Atlanta, GA

CLEARED
JAN 17 2020
U.S. Marshals
Atlanta, GA

United States District Court
For the Northern District of GA.
75 Ted Turner Dr. SW.
Atten: court Clerk
Atlanta, GA.
30303