IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAWANA L. CARTER, | : | CIVIL ACTION NO. |
| | : | 1:19-CV-4863-MHC-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SELECT PORTFOLIO SERVICING, | : | |
| INC. and WELLS FARGO BANK, | : | |
| N.A. *as trustee on behalf of* the | : | |
| certificate holders of Securitized Asset | : | |
| Backed Receivables LLC 2005-FR3, | : | |
| Mortgage Pass-Through Certificates, | : | |
| Series 2005-FR-3, | : | **ORDER AND FINAL REPORT** |
| | : | **AND RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiff Tawana L. Carter, proceeding *pro se*, filed the above-captioned action in the Superior Court of Fulton County on October 1, 2019, and Defendants removed the action to this Court on October 29, 2019. *See* Notice of Removal [1]. This is Plaintiff's third lawsuit in this Court to challenge Defendants' apparent efforts to foreclose on her property, and to enforce alleged promises of a loan modification. Thus, Defendants have moved to dismiss this action in is entirety on the ground of *res judicata*. *See* Mot. to Dismiss [10]. Plaintiff has filed a Response to the Motion to Dismiss [17], although this Response does not address the issue of

*res judicata*.[1] The Court has nevertheless reviewed the merits of the motion and agrees with Defendants that Plaintiff's claims are barred by *res judicata*. Accordingly, for the reasons discussed below, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss [10] be **GRANTED**, and that all claims in this action be **DISMISSED**.

**I.    BACKGROUND**

   A.    *Plaintiff's Prior Actions*

On January 9, 2015, Plaintiff filed a lawsuit in the Superior Court of Fulton County, Georgia, against Defendants Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, N.A., as trustee for Fremont Home Loan Trust 2005 RR3, Mortgage Backed Certificates, Series 2005 RR3 ("Wells Fargo"). *See Carter v. Select Portfolio Servicing, Inc.*, No. 1:15-CV-410-MHC-JSA, 2015 WL 13777265 (N.D. Ga. Nov. 30, 2015), *report & rec. adopted by* 2015 WL 13777335 (N.D. Ga. Dec. 23, 2015) ("*Carter I*"). On February 11, 2015, Defendants removed *Carter I* to this Court on the basis of diversity jurisdiction. *See Carter I*, Notice of Removal [1].

In *Carter I*, Plaintiff alleged that she had been approved on March 15, 2009 by Bank of America for a loan modification for her mortgage but that this

---

[1] The Court **GRANTS** Plaintiff's Motion for Extension of Time [15] and thus the Response is considered to be timely filed.

2

modification was "suddenly denied" after she made six payments. *Carter I*, Compl. [1-1] at 10. Plaintiff characterized this action as "a classic case of promissory estoppel." *Id*. Plaintiff alleged various other attempts she made to obtain a loan modification, culminating in a denial by Defendant SPS on January 6, 2015, which stated that it "would rather foreclose than do a modification." *Id.* at 11. Plaintiff also alleged in *Carter I* that she had become confused from a review of Fulton County records as to what entity actually qualified as her secured creditor. *Id*.

Thus, Plaintiff sought a declaratory judgment and injunction, as well as specific performance, seeking to enforce the loan modification that she alleges she was entitled to, and seeking to divest Defendants of any right to foreclosure. Plaintiff argued that "because said security deed was never lawfully assigned to Defendant . . . no lawful Assignment exists in the Public Records of the Fulton County Georgia Real Estate Records." *Id*. Plaintiff also brought claims of civil conspiracy and "promissory estoppel." *Id*. at 10–21.

Defendants filed a motion to dismiss in *Carter I*, and on November 30, 2015, the undersigned recommended that the motion be granted because the Complaint failed to state a claim for relief as a matter of law. *See Carter I*, 2015 WL 13777265, at *6. The District Court adopted the recommendation and dismissed the Complaint on December 23, 2015. *See Carter I*, 2015 WL 13777335, at *1.

3

Plaintiff then filed another action in the Superior Court of Fulton County on June 28, 2018 against the same Defendants. This action ("*Carter II*") was also removed to this Court and assigned docket number 1:18-CV-3608-MHC-JSA. Unlike *Carter I*, the Complaint in *Carter II* included claims under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1641; Regulation X, 12 C.F.R. § 1024.41(a), promulgated under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. *See Carter II*, Compl. [1-1]. Nevertheless, the *Carter II* Complaint included nearly the same verbatim background, factual allegations, and several of the same claims as *Carter I*, including the same description of Plaintiff's various unsuccessful efforts to obtain a modification of her loan; Defendants' refusal to allow a modification in 2015 because they "would rather foreclose"; the same explanation of the supposed deficiencies in the assignment history and/or "break in chain of title"; and claims for promissory estoppel, specific performance, injunction, and declaratory judgment. *See id.* at 11–24. *Carter II* was dismissed pursuant to Defendants' motion on September 20, 2018. *See Carter v. Select Portfolio Servicing, Inc.*, 1:18-CV-3608-MHC, 2018 WL 5262058, at *1 (N.D. Ga. Sept. 20. 2018).

B.   *This Action*

In the instant case, Plaintiff again sues the same Defendants—Select Portfolio Servicing, Inc., and Wells Fargo Bank, N.A.—challenging foreclosure as to the same property as was at issue in *Carter I* and *Carter II*. The Complaint asserts many of the same claims as were asserted in the prior cases, as well as other claims based on what appear to be the same basic facts and theories, that is, alleged deficiencies in the chain of title relating to the Security Deed and/or alleged failures to comply with the modification originally allegedly agreed to in 2009. Plaintiff also alleges that she was denied the requested modification on several occasions. The Complaint includes claims for declaratory judgment; injunction; specific performance of the alleged March 2009 agreement to modify the mortgage loan; promissory estoppel, based on Plaintiff's alleged reliance on alleged promises to modify the mortgage loan; violations of the CCPA; violations of RESPA, Regulation X; and violations of the FDCPA.

II.   **DISCUSSION**

A.   *Standard on a Motion to Dismiss*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Defendants have moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common

6

sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Although the Supreme Court requires a plaintiff to allege sufficient facts to state a plausible claim for relief, because Plaintiff is proceeding *pro se* in this case, the Complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id. See also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even though a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, "the Court need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006).

As noted above, a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), but when a plaintiff has referred to documents in the complaint and such documents are central to the plaintiff's claims, a court may consider those documents as part of the pleadings in the case and may consider them in resolving a motion to dismiss. *See*

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

Moreover, the Court may also take judicial notice of the records in Plaintiff's prior action in resolving Defendants' Motion to Dismiss. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (*per curiam*) (noting that a district court may take judicial notice of public records that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned") (citing Fed. R. Evid. 201(b)); *Tuscano v. Evening Journal Assoc.*, 179 F. App'x 621, 623 n.3 (11th Cir. 2006).

B.   *Res Judicata*

In the Motion to Dismiss, Defendants argue that Plaintiff's claims in this action must be dismissed under the *res judicata* doctrine. Under the principle of *res judicata*, or claim preclusion, a final judgment on the merits in a civil action operates to preclude a party, or those in privity with that party, from re-litigating in a subsequent proceeding claims that were or could have been raised in the original action. *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981). *See Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

h
h

The *res judicata* doctrine is "a rule of fundamental and substantial justice, of public policy and of private peace," operating to protect defendants against duplicative litigation over the same claims, and accordingly, may not be overridden based on equitable considerations. *Federated Dep't Stores,* 452 U.S. at 401 (internal quotation omitted). "The doctrine of *res judicata* is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies. As to the parties in the prior proceeding and their privies, *res judicata* constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." *Baptiste v. IRS*, 29 F.3d 1533, 1539 (11th Cir. 1994).

Federal courts apply state law to questions of *res judicata*. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). In Georgia, the doctrine of *res judicata* applies if the following four elements are present: (1) there is a final judgment on the merits in the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical; and (4) the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. *Laskar v. Peterson*, 771 F.3d 1291, 1300 (11th Cir. 2014); *Pleming*, 142 F.3d at 1356–57. Significantly, *res judicata* does not bar only those claims actually raised in the first

suit; it also bars those claims which the plaintiff could have raised in the prior suit, if those claims arise out of the same transactions or events at issue in the prior suit. *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000). Further, even where an exact claim may not have been fully adjudicated previously, the related concept of issue preclusion operates to prevent re-litigation of issues already decided in prior lawsuits between the parties. *See Brown v. R.J. Tobacco Co.*, 611 F.3d 1324, 1333 (11th Cir. 2010).

A court may consider the defense of *res judicata* in a motion to dismiss filed pursuant to Rule 12(b)(6) when the existence of the defense can be judged from the face of the complaint. *Starship Enter. of Atlanta, Inc. v. Coweta Cty.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013).

In this case, although Plaintiff has filed a response to the Motion to Dismiss, she does not address the issue of *res judicata*, and therefore does not contest that *res judicata* bars her claims. It also appears to the Court that the claims are clearly barred. On its face, the first three elements of *res judicata* apply, as *Carter I* and *Carter II* both reached a final judgment, by a court of competent jurisdiction, and involved the same parties that are the litigants in this case. *See Carter I*, 2015 WL 13777335, at *1; *Carter II*, 2018 WL 5262058, at *1. As for the fourth and final element, many of the claims are reproduced nearly verbatim from the Complaints in

the prior case and therefore clearly are barred. *Compare, e.g.*, Compl. [4] at 5–6 *with Carter II*, Compl. [1-1] at 15–16. This Complaint does contain newly-styled claims, as explained above. But a review of the Complaint shows, and Plaintiff does not dispute, that these new claims are based on the same transactions or events in the prior suit and could have been brought in that suit, and/or raises the same issues that were definitely resolved in those suits. Indeed, each of these claims incorporates the same factual allegations that are reproduced nearly verbatim from the earlier cases.[2]

Thus, in *Carter I* and *II*, Plaintiff asserted, and the Court rejected, her meritless challenge to Defendants' standing to foreclose based on a purported "break" in the chain of title and/or flawed assignments, and her claims for relief based on various legal theories stemming from the alleged modification agreement reached or promised in 2009. Accordingly, the Court finds that all of Plaintiff's claims asserted in this action are barred under *res judicata* and issue preclusion.

---

[2] The Court notes that the Complaint references additional denials for modifications, at least one of which arguably post-dated the Complaint in *Carter II*. *See* Compl. [4] at 2. But the Complaint is otherwise nearly verbatim identical to that already dismissed in *Carter II*. Thus, it appears, and Plaintiff's brief does not dispute, that the Complaint is raising the same basic legal challenges to the failure-to-modify based on the same nucleus of operative facts that have already been presented and rejected in the prior cases. Plaintiff is barred from re-litigating these matters under the doctrines of *res judicata* and/or issue preclusion.

11

### III. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, Plaintiff's Motion for Extension [15] is **GRANTED**. **IT IS RECOMMENDED** that Defendants' Motion to Dismiss [10] be **GRANTED**, and that all claims in this action be **DISMISSED**.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 29th day of January, 2020.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE