**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 13 2020

JAMES N. HATTEN, Clerk
By: KW Deputy Clerk

**TAWANA L. CARTER**
**Plaintiff,**

**Vs.**

**CIVIL ACTION**
**FILE NO: 1-19-CV-4063 MHC-SSA**

**Defendants.**
**SELECT PORTFOLIO SERVICING, INC.**
**WELLS FARGO BANK, N.A., AS TRUSTEE**
**FOR FREMONT HOME LOAN TRUST2005 RR3,**
**MORTGAGE BACKED CERTIFICATES, SERIES 2005 RR3,**

**I**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff Tawana L. Carter, who files her answer to Defendants Motion To Dismiss as follows:

STANDARD OF REVIEW

Georgia's Courts of Appeals have begun looking at Motions to Dismiss, and pleadings standards somewhat more differently, than they had in the past.

Defendants move for a Rule 12(b)(6) dismissal. Georgia's Courts have held that under Georgia's Civil Practice Act, no technical forms of pleading are required in the complaint. (O.C.G.A. §9-11-8(e)(1)). Approved examples of simplified complaints are contained within appendices to the civil-practice statutes. The Plaintiff doesn't need not to designate a claim by name; and even failure to call it by its correct name, is not grounds to dismiss. ***Andrew L. Parks, Inc. v. SunTrust Bank***, 248 Ga. App. 846, 545 S.E.2d 31 (2001).

The ***Parks*** Court held that "Under our rules, pleadings are judged by their function and not the name given by a party. ***Holloway v. Frey,*** 130 Ga.App. 224, 227(3), 202 S.E.2d 845 (1973)." In other words, even if called by the wrong name, it is the substance of pleadings that determine their treatment by the courts. ***Fann v. Johnson County Bd. Of Educ.***, 606 SE2d 110, 270 Ga. App. 186 (2004); ***Masters v. Clark***, 604 SE2d 556, 369 Ga. App. 537 (2004).

Georgia Supreme Court has instructed, when a complaint fails to conform to such requirements, the proper remedy is a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend, to conform to the statutory requirements. ***Hall v. Churchwell's, Inc.***, 243 Ga. 852, 853 (257 SE2d 272) (1979). See also ***Estate of Shannon v. Ahmed***, 304 Ga. App. 380, 384 (1) (696 SE2d 408) (2010); ***TechBios, Inc. v. Champagne***, 301 Ga. App. 592, 594 (1) (a) (688 SE2d 378) (2009); ***Roberts v. Nessim***, 297 Ga. App. 278, 284-285 (2) (676 SE2d 734) (2009).

Further, the Plaintiff may plead conclusions instead of facts as long as the pleading gives fair notice of the claim. ***Ledford v. Meyer***, 249 Ga. 407, 290 S.E.2d 908 (1982); ***Carley v. Lewis***, 221 Ga. App. 540, 472 S.E.2d 109 (1996). In fact, the Plaintiff may set out two or more statements of claims in one count or in separate counts. (O.C.G.A. §9-11-8(e)(2). These claims may be stated in the alternative and be inconsistent with each other, and if one of them, stated independently, would be sufficient, the complaint will be deemed sufficient even if the alternative statement is insufficient (O.C.G.A. §9-11-8(e)(2).

Moreover, it is long been settled that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitled him to relief. ***Conley v. Gibson***, 355 U.S. 41, 78 S. Ct. 99, L.Ed. 2d 80 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See ***Linder v. Portocarrero,*** 963 F.2d 332,

334-36 (11th Cir. 1992) (Wells Fargo , et alng ***Robertson v. Johnston***, 376 F.2d 43 (5th Cir. 1967)).

"When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, the rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in [his] favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed." (Citation and punctuation omitted.) ***Hartsfield v. Union City Chrysler-Plymouth***, 196 Ga. App. 779, 780 (1) (397 SE2d 49) (1990).

Plaintiff's claims are not barred by ***res judicata***. Ms. Carter's claims were not, and could not have been brought up in previous cases, the claims had not yet happened.

Ms. Carter was first approved by Bank of America for a loan modification in 2010 and made six payments on time only to be denied. Ms. Carter claims this was a case of Promissory Estoppel. Ms. Carter applied for another modification through NACA on March 30, 2012 only to be denied. Another modification was denied in April, 2014. Another was denied in 2018 and then again on May, 2019. Ms. Carter has claimed in her complaint violations for FDCPA, Reg. X, and CCPA. These claims should move into discovery and survive the Motion to Dismiss.

### *A. Ms. Carter Has Not Brought Her Bankruptcy Related Claims in This Case*

Ms. Carter' does not intend for this Court to rule on anything related to what is in the Bankruptcy case. Ms. Carter respectfully, requests this Court to pay as much attention to the Complaint, and to this Opposition that the Court pays to Wells Fargo 's Answers and Motion to Dismiss.

Ms. Carter is proceeding pro se, which is against her wishes and better judgment,

but he must, out of necessity. Georgia does not guarantee access to the Courts, but guarantees the right to represent oneself, or to be represented by counsel. See ***Smith v. Baptiste***:

> "..., the history of the current version of the constitutional provision at issue in this case 'indicate[s] that the sole purpose underlying the revision and adoption of Art. I, Sec. I, Par. XII was **to define and protect the right of an individual to represent himself in the courts of this state**.' ***Nelms v. Georgian Manor Condo. Assn., supra*** at 413(3). The dissent also ignores the critical factor that ***Nelms*** compared the Georgia constitutional provision to the access to courts provisions of other states, which, unlike the Georgia provision, expressly 'provide that all courts shall be open to every person for the redress of an injury done him [.] [Cits.]' ***Nelms v. Georgian Manor Condo. Assn., supra*** at 411(1), 321 S.E.2d 330. Thus, as ***Nelms*** correctly concluded, 'Art. I, Sec. I, Par. XII is a 'right of choice' (between self-representation and representation by counsel) provision, and not an 'access to the courts' provision such as found in the constitutions of [other states].' ***Nelms v. Georgian Manor Condo Assn.***, supra at 413(3)".

***Smith v. Baptiste***, 287 Ga. 23, 27, 694 S.E.2d 83, 87 (2010).

> "As ratified in 1877, the 'right to the courts' provision read as follows: 'No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both.' Ga. Const. of 1877, Art. I, Sec. I, Par. IV. That language remained unchanged in the 1945 and 1976 Constitutions. See ***Nelms***, 253 Ga. at 412, 321 S.E.2d 330. The short discussions regarding this provision during the debates leading to our current **91 Constitution focused on the deletion of the final phrase 'or both,' in order to clarify that a litigant is not entitled to be represented by himself and by counsel at the same time. See ***id***. at 412–413, 321 S.E.2d 330".

***Id.***

### B. *The Doctrine of Res Judicata*

Wells Fargo , et al goes back to the Doctrine of ***res judicata***. They appear to claim

that Plaintiff's first through fourth claims for relief are barred by ***res judicata***. Wells Fargo , et al claims that "Counts 1-4' were or should have been previously adjudicated…"

*(1)* ***Wrongful Foreclosure***

Wells Fargo , et al does not explain how, wrongful foreclosure could have been adjudicated in a prior action, when the wrongful foreclosure did not take place until 2019. The way Wells Fargo , et al has explained it, a litigant must look years into the future, and anticipate what will happen, and sue for it while in Court, years before the incident takes place. Obviously, if Ms. Carter had such insight, there would have never been the problem of a wrongful foreclosure, he would have anticipated, and prevented such action. Similar to thought police, the police arrest someone years earlier, because a criminal thought crossed someone's mind, therefore, that person in the future might commit a criminal act, so we best arrest and jail him now.

As for what Wells Fargo , et al is asserting is barred by res judicata, the above is an adequate description of what Wells Fargo , et al is telling this Court. "Any theory or claim related to Wells Fargo , et a lMortgage's interest in the Property, Note, Security Deed, the Assignment, the mortgage debt, the bankruptcy, credit reporting, foreclosure attempts prior to September 2017, or Wells Fargo , et al Mortgage's standing to foreclose … is now barred by ***res judicata***". [MTD,p.11].

To the best of Ms. Carter's understanding and belief, failing to reaffirm the debt, caused the property to automatically revert back to Wells Fargo , et al. In Ms. Carter's mind, the act of continuing and taking care of the property, and keeping the property insured, repaired and taxes paid, when she approached Wells Fargo , et al to purchase the property for fair market value at the time, they would have sold it to her.

Ms. Carter considered herelf a renter, and she attempted to purchase the property. Wells Fargo , et al refused to sale to m.

Everything Wells Fargo , et al told to the Court, without any evidence, was accepted as truth, and now, there is evidence that Wells Fargo , et al perjured themselves, and the courts fell for it.

Now, Wells Fargo , et al is going to do the same things as before, to keep the truth from coming out. The truth that everything they said to the Courts before were lies. That is not what the Courts are here for. Ms. Carter, not once lied to the Court. Didn't matter. According to Wells Fargo , et al, the one who tells the best lies, wins. And you can't bring it up later, because you will be barred by res judicata. How convenient.

*873 "Fraud on the court constitutes 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.' ***Travelers Indem. Co.***, 761 F.2d at 1551. Perjury and fabricated evidence do not constitute fraud upon the court, because they 'are evils that can and should be exposed at trial,' and '[f]raud on the court is therefore limited to the more egregious forms of subversion of the legal process, ... those we cannot necessarily expect to be exposed by the normal adversary process.' ***Id***. at 1552 (citation omitted)".
***Council v. Am. Fed'n of Gov't Employees (AFGE) Union***, 559 F. App'x 870, 873 (11th Cir. 2014).

Ms. Carter still disagrees with Wells Fargo , et al on the issue of res judicata.

"The purpose of the doctrine of res judicata is to prevent the re-litigation of claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action". ***Crowe v. Elder***, 290 Ga. 686, 723 S.E.2d 428 (2012); ***James v. Intown Ventures, LLC***, 290 Ga. 813, 725 S.E.2d 213 (2012)..

"The general rule is 'that a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have

so changed or such new events have occurred as to alter the legal rights or relations of the litigants.'" ***Choi v. Immanuel Korean United Methodist Church***, 327 Ga. App. 26, 755 S.E.2d 354 (2014).

"When determining whether an action is barred by res judicata, a federal court applies the law of the state of its location'. ***Laskar v. Peterson***, 771 F.3d 1291, 311 Ed. Law Rep. 20 (11th Cir. 2014).

§ 38:9. Res judicata effect of judgment, ***Trial Handbook for Ga. Lawyers*** § 38:9.

A litigant seeking to prove a res judicata defense needs to introduce only those parts of the record of the prior proceeding, ***duly certified***, which are necessary to prove the defense. ***Jordan Trucking, Inc. v. Wiley***, 199 Ga. App. 635, 405 S.E.2d 734 (1991). A litigant seeking to prove a res judicata defense need not introduce the entire record of the prior proceeding. ***Boozer v. Higdon***, 252 Ga. 276, 313 S.E.2d 100 (1984).

§ 4:32. Res judicata, ***Ga. Admissibility Of Evidence In Civil Cases*** § 4:32.

None of the documents Wells Fargo , et al attached to their Answers were ***duly certified***. A litigant seeking to prove res judicata defense need introduce only those parts of record of prior proceeding, duly certified, which are necessary to prove the defense. ***Continental Ins. Co. v. Higdon***, 167 Ga. App. 231, 306 S.E.2d 20 (1983), judgment rev'd, 252 Ga. 276, 313 S.E.2d 100 (1984). § 27:13. Pleading of former judgment, ***Ga. Practice & Procedure*** § 27:13 (2017-2018 ed.).

Res judicata and collateral estoppel do not apply because appellant failed to introduce certified copies of the ***Industrial Tribunal proceedings. Roberts v. Porter, Davis, Saunders, & Churchill***, 193 Ga. App. 898, 901(2), 389 S.E.2d 361 (1989); ***Bradley v. British Fitting Group, PLC***, 221 Ga. App. 621, 472 S.E.2d 146 (1996). ***Id.***

In the case at bar, defendants claiming res judicata, failed to introduce certified copies. Res judicata and/or collateral estoppel do not apply for that failure is terminal.

The elements of a claim of wrongful foreclosure are "a legal duty owed to [the plaintiff] by the foreclosing party, a breach of that duty, a causal connection between the

breach of that duty and the injury [the plaintiff] sustained, and damages." ***Heritage Creek Dev. Corp. v. Colonial Bank,*** 268 Ga.App. 369, 371(1), 601 S.E.2d 842 (2004) (footnote omitted). See also ***Calhoun First Nat. Bank v. Dickens***, 264 Ga. 285–286(1), 443 S.E.2d 837 (1994) ("Where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt ... the debtor may either *638 seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure.") (citations omitted). ***Stewart v. Suntrust Mortg., Inc.***, 331 Ga. App. 635, 637–38, 770 S.E.2d 892, 896 (2015).

Ms. Carter's complaint claimed that Wells Fargo , et al had not sent Notice of Foreclosure letters for the time period that they foreclosed. The letters that Wells Fargo , et al had sent, were followed by a letter stating that they had chosen not to foreclose at that time. Ms. Carter further has alleged that Wells Fargo , et al had not standing because the loan had been sold into a therefore lacked standing, and that there is a statutory duty to exercise fairly the power of sale.

To the extent that Wells Fargo , et al claims a default in payments precludes Ms. Carter from suing Wells Fargo , et al for failing to perform their contractual duties, is without merit. "This argument is without merit because Stewart's obligation to make payments was not a precondition to SunTrust's obligations of reinstatement and foreclosure, which, obviously, are triggered by a failure to pay. See generally OCGA § 13–5–8 ("A condition, precedent or subsequent, not complied with, insufficiency or failure of consideration, or any act of the opposite party, by which the obligation of the contract has ceased, may be pleaded as a defense."); ***Nutting v. Wilson***, 75 Ga.App. 148, 152, 42 S.E.2d 575 (1947) (plaintiff's right to recover on a contract may depend upon a condition precedent to be performed by him). In sum, the trial court therefore erred by dismissing this claim. ***Stewart v. Suntrust Mortg., Inc.***, 331 Ga. App. 635, 639, 770 S.E.2d 892, 897 (2015).

***<u>Claim for Relief Breach of Good Faith and Fair Dealing</u>***

It is well settled that:

A motion to dismiss for failure to state a claim upon which relief may be granted **425 "should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. (Citations and punctuation omitted.)" ***Bakhtiarnejad v. Cox Enterprises***, 247 Ga.App. 205, 207-208(1), 541 S.E.2d 33 (2000).

***Smith v. Germania of Am.***, 249 Ga. App. 587, 588, 549 S.E.2d 423, 424–25 (2001).

Without arguing this Claim for Relief, defendants, in essence have shown that this Claim can move forward.

"Stewart contends the trial court erred by dismissing his claim for breach of duty of good faith and fair dealing. A duty of good faith and fair dealing is implied in all contracts. OCGA § 11–1–203; ***West v. Koufman***, 259 Ga. 505, 506, 384 S.E.2d 664 (1989). A breach of that duty may arise where a party to a contract acts arbitrarily or capriciously in executing its contractual duties. See Hunting Aircraft v. Peachtree City Airport Auth., 281 Ga.App. 450, 452(1), 636 S.E.2d 139 (2006). Thus, for the same reasons discussed in Division 3, the trial court erred in dismissing the claim for breach of the duty of good faith and fair dealing. ***Racette***, 318 Ga.App. at 181(5), 733 S.E.2d 457". ***Stewart v. Suntrust Mortg., Inc.***, 331 Ga. App. 635, 639, 770 S.E.2d 892, 897 (2015).

***<u>Claim for Relief Fraud/Conspiracy to Defraud</u>***

"A motion to dismiss for failure to state a claim should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought". ***Stewart v. Suntrust Mortg., Inc***., 331 Ga. App. 635, 636, 770 S.E.2d 892, 895 (2015).

Wells Fargo , et al complains that "Plaintiff utterly fails to identify any false representations and/or affirmative misstatements that he contends were made to him at any time by Wells Fargo , et al...; he fails to identify when or on what occasions the alleged misrepresentations were made, fails to identify which agent, employee or representative of Wells Fargo , et al. Mortgage made any alleged misrepresentations to her detriment" [MTD,p.14]. Plaintiff disagrees.

Ms. Carter gave as examples of the fraud/intent to defraud by filing deceptive 1099 A's in that they claimed the property had been abandoned and that Ms. Carter was personally liable for the debt. The other way that Ms. Carter was defrauded was by Wells Fargo , et al continually adding fees to the discharged debt. Once the debt was discharged, and all that could legally remain was a lien against the property. Since Ms. Carter had not reaffirmed the loan, Wells Fargo , et al could have demanded the property at any given time.

***<u>Claim for Relief Intentional Infliction of Emotional Distress</u>***

"It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found **19 only where the conduct has been extreme and outrageous. (Punctuation and footnote omitted.) ***Jarrard v. United Parcel Svc***., 242 Ga.App. 58, 61, 529 S.E.2d 144 (2000).

"Whether the alleged conduct is sufficiently extreme or outrageous is a question of law for the trial court." (Punctuation and footnote omitted.) ***Kirkland v. Earth Fare, Inc.***, 289 Ga.App. 819, 823(4), 658 S.E.2d 433 (2008).

***Mbigi v. Wells Fargo Home Mortg.***, 336 Ga. App. 316, 326, 785 S.E.2d 8, 18–19 (2016).

"An intentional wrongful foreclosure may be the basis for an action for intentional infliction of emotional distress". See ***Blue View Corp. v. Bell***, 298 Ga.App. 277, 279(1), 679 S.E.2d 739 (2009); ***DeGolyer,*** 291 Ga.App. 444, 449–450(4), 662 S.E.2d 141 (2008). ***Mbigi v. Wells Fargo Home Mortg.***, 336 Ga. App. 316, 326, 785 S.E.2d 8, 19 (2016).

Ms. Carter, within the framework of the complaint, not only that Wells Fargo , et al wrongfully foreclosed on his home, but that it engineered a default on the loan by Wells Fargo , et al removing Ms. Carter from the loan, then rescinding the sale under power four years later, and adding him back. Wells Fargo , et al improperly refused to sale the property to Ms. Carter two times, which would have been the equivalent to Ms. Carter attempting to pay the loan in full. See ***Webb v. Bank of America***, 328 Ga.App. 62, 62–63, 761 S.E.2d 485 (2014) (allegations in the complaint, which included that lender intentionally refused to accept loan payments and intentionally *327 breached the loan modification agreement could, within the framework of the complaint, warrant a grant of the relief sought, which included wrongful foreclosure and intentional infliction of emotional distress); ***DeGolyer***, 291 Ga.App. at 448–449(4), 662 S.E.2d 141 (evidence supported claim for intentional infliction of emotional distress where party proceeded with foreclosure and sale after being told it was foreclosing on the wrong tract of property); ***Blanton v. Duru,*** 247 Ga.App. 175, 178–179(5), 543 S.E.2d 448 (2000) (trial court's award of damages for intentional infliction of emotional distress affirmed, where foreclosure proceedings were instituted under a security deed that the court had ordered to be canceled). Compare ***James v. Bank of America, N.A.***, 332 Ga.App. 365, 368(3), 772 S.E.2d 812 (2015) (physical precedent only) (failure to provide proper notice of foreclosure was not extreme or outrageous conduct); ***Racette v. Bank of America, N.A.***,

318 Ga.App. 171, 174(1), 733 S.E.2d 457 (2012) (allegation that appellees conducted a foreclosure sale despite knowledge of inaccuracies in published foreclosure notice was not extreme or outrageous conduct). "Accordingly, we conclude that the trial court erred in dismissing Mbigi's claim for intentional infliction of emotional distress". ***Mbigi v. Wells Fargo Home Mortg***., 336 Ga. App. 316, 326–27, 785 S.E.2d 8, 19 (2016).

***Claim for Relief Violations of Georgia Residential Mortgage Act/RICO***

To establish "a civil RICO claim, a litigant is required to show by a preponderance of the evidence that Wells Fargo , et al violated the RICO statute, OCGA § 16–14–4, that he has suffered injury, and that Wells Fargo , et al's violation of the RICO statute was the proximate cause of the injury." (Citations omitted.) ***Cox v. Mayan Lagoon Estates Ltd***., 319 Ga.App. 101, 109(2)(b), 734 S.E.2d 883 (2012). To demonstrate a violation of OCGA § 16–14–4, Jones must "show an injury by a pattern of racketeering activity. A pattern requires at least two interrelated predicate offenses." (Citations omitted.) ***Brown v. Freedman***, 222 Ga.App. 213, 217(3), 474 S.E.2d 73 (1996).

Ms. Carter identified several different acts or omissions which, she contends, constituted residential mortgage fraud and were part of a fraudulent scheme to wrongfully foreclose on her home.

"Under OCGA § 16–14–3(8)(A) (2014),5 to constitute a pattern of racketeering activity, the acts of racketeering must be taken 'in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics[.]' OCGA § 16–14–3(8)(A) (2014). The statute was amended in 2001 to provide the acts be taken 'in furtherance of one or more incidents, schemes, or transactions,' (emphasis supplied) and so we cannot agree **17 with the trial court that, if the alleged predicate acts were taken in furtherance of one transaction, then Mbigi's RICO claim must necessarily fail. See Ga. L. 2001, p. 858, § 1. Compare ***Cobb v. Kennon Realty Svcs***., 191 Ga.App. 740, 741–742(2), 382 S.E.2d 697 (1989) (Trial court

correctly granted summary judgment as appellant failed to allege any pattern of racketeering activity in his complaint, and the evidence submitted concerned one extended transaction between appellant and appellees.). ***Mbigi v. Wells Fargo Home Mortg.***, 336 Ga. App. 316, 322–23, 785 S.E.2d 8, 16–17 (2016).

Ms. Carter has alleged an elaborate scheme wherein Wells Fargo , et al and their attorneys came up with a way to get Ms. Carter's name back onto a loan where the bankruptcy court had discharged the debt. By faking the first foreclosure sale, Ms. Carter' name would have had to be removed from the loan. When the sale under power was rescinded, Ms. Carter was added back as debtor and the loan went back into his name as an active loan.

Together with the other allegations within the complaint, there is enough for this claims for relief are enough to prevent motion to dismiss being granted for this claim.

CONCLUSION

Ms. Carter has responded to Motion to Dismiss adequately enough to keep Motion to Dismiss from being Granted. Ms. Carter moves this Honorable Court to DENY the motion and allow this case to move forward into discovery.

Respectfully submitted, this 11th of Feb, 2020,

By: Tawana L. Carter/

CERTIFICATE OF SERVICE

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a registered agent is Corporate Service Company, 40 Technology Parkway, S. , Suite 300, Norcross, Ga. 30092. Wells Fargo Bank, N.A. trustee, et al also has Corporate Service Company as its registered agent.

Tawana L. Carter
115 Parkside Close
Alpharetta, GA. 30022

PLACE THIS LABEL TO THE LEFT OF THE POSTAGE
USPS TRACKING® NUMBER
9505 5066 1896 0041 3507 75

U.S. POSTAGE
$7.50
PM 1-Day
30009 0006
Date of sale
02/10/20
06 2SSK
11488206
8527002102356 28
FOLD HERE

CLEARED
FEB 13 2020
U.S. Marshals
Atlanta, GA

United States District Court
for the Northern District
75 Ted Turner DR. SW
Atlanta, GA. 30303