IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAWANA L. CARTER,<br><br>　　Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., and WELLS FARGO BANK, N.A., AS TRUSTEE FOR FREEMONT HOME LOAN TRUST 2005 RR3, MORTGAGE BACKED CERTIFICATE SERIES 2005 RR3,[1]<br><br>　　Defendants. | Case No: 1:19-cv-04863-MHC |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO THE REPORT AND RECOMMENDATION**

COME NOW, Defendants Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC 2005-FR3 Mortgage Pass-Through Certificates, Series 2005-FR3, ("Wells Fargo"), (collectively, the "Defendants"), and file this response to

---

[1] Wells Fargo is incorrectly identified. The correct party is Wells Fargo Bank, National Association, as Trustee, on behalf of the certificateholders of Securitized Asset Backed Receivables LLC 2005-FR3, Mortgage Pass-Through Certificates, Series 2005-FR3.

1

Plaintiff's Response to Defendant's Motion to Dismiss (the "Objections")[2]. [Doc. 20]. For the reasons set forth in the Magistrate Judge's Report and Recommendation (the "Report") and below, Defendants respectfully submit that the Court should adopt the Report and Recommendation and dismiss the Plaintiff's Complaint with prejudice.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Standard of Review

In reviewing a Magistrate Judge's Report & Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(l)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F. 2d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F. 2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

---

[2] Although Plaintiff has titled her filing as Response to Defendant's Motion to Dismiss, Defendants have interpreted it as an Objection to the Final Report and Recommendation considering that Plaintiff already responded to the Motion to Dismiss and that the Report and Recommendation has been issued.

## II. No Error in Determination that Plaintiff is Barred by Res Judicata

Plaintiff's only cogent objection seems to be her assertion that this action is not barred by res judicata. [Doc. 20, p. 3]. As an initial matter, this is an issue that Plaintiff failed to address in her responsive briefing. *See* [Doc. 17]. In fact, the R&R even notes that "although Plaintiff has filed a response to the Motion to Dismiss, she does not address the issue of res judicata, and therefore does not contest that res judicata bars her claims." [Doc. 18, p. 10]. Regardless of the deficiency of Plaintiff's original argument, the Court accurately ruled that the instant case is barred by the doctrine of res judicata.

As stated in the Report, "the doctrine of res judicata applies if the following four elements are present: (1) there is a final judgment on the merits in the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical; and (4) the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. *Laskar v. Peterson*, 771 F.3d 1291, 1300 (11th Cir. 2014); *Pleming*, 142 F.3d at 1356–57." [Doc. 20, p. 9]. In her Objections, Plaintiff argues that her "claims were not, and could not have been brought up in previous cases, the claims had not yet happened." [Doc. 20, p. 3]. However, this misstates the facts and misunderstands what claims are precluded.

Plaintiff filed lawsuits on January 9, 2015 ("*Carter I*") and June 28, 2018 ("*Carter II*") against the same Defendants and alleging substantially the same facts and claims. [Doc. 18, pp. 2, 4].

In *Carter I*, "Plaintiff alleged that she had been approved on March 15, 2009 by Bank of America for a loan modification for her mortgage but that this modification was 'suddenly denied' after she made six payments." [Doc. 17, pp. 2-3]. The *Carter II* Complaint alleged new claims under 15 U.S.C. § 1641, 12 C.F.R. § 1024.41(a), 12 U.S.C. § 2601, and 15 U.S.C. § 1692, but included "nearly the same verbatim background, factual allegations, and several of the same claims as *Carter I*, including the same description of Plaintiff's various unsuccessful efforts to obtain a modification of her loan." [Doc. 18, p. 4]. These are objectively the same claims that lie at the root of the instant action. Plaintiff's own Objection argues that she was approved for a loan modification in 2010 and that it was suddenly denied. [Doc. 20, p. 3]. She further argues she applied for more modifications and was denied in 2012, 2014, 2018, and 2019, predicating claims under the FDCPA, Reg. X, and CCPA. [Id.].

These assertions validate the R&R's conclusion that in the instant case, Plaintiff sued the same Defendants, challenging foreclosure on the same property, and asserted many of the same claims. [Doc. 18, p. 5]. Plaintiff's Objection seems

4

to be based solely on the idea that because the foreclosure occurred in 2019, her claim for wrongful foreclosure could not be precluded by a prior action. [Doc. 20, p. 5]. However, this willfully ignores the *reasons* she asserts the foreclosure was wrongful. Her claims regarding the loan modification process definitely could have been brought in the prior proceeding, because they *were* brought in the prior proceeding. In fact, each of Plaintiff's Complaints and claims arise out of the same nucleus of operative fact, which necessarily means that she is barred from re-litigation. *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1299 (11th Cir. 2001). Accordingly, Defendants submit that Plaintiff is barred by Res Judicata and the Report and Recommendation should be affirmed.

### III.   The Record is Properly Before the Court

Plaintiff next makes the argument that res judicata cannot be raised because the documents reviewed by the Court were not duly certified. [Doc. 20, p. 7]. This argument fails to take into consideration that both of Plaintiff's previous actions were before this Court. A court may take judicial notice of its own records or of those of inferior courts. *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981); *United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1990) (permitting

consideration of public records on motion to dismiss under Fed. R. Evid. 201). Defendants respectfully submit that certified copies were unnecessary.

### IV. Plaintiff's Remaining Arguments are not Tied to the Report

Plaintiff's remaining arguments seem to be an attempt to re-argue her original, and unsuccessful, Response in Opposition to Defendant's Motion to Dismiss, [Doc. 17]. However, none of these arguments are addressed in the Report. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F. 2d 1353, 1361 (11th Cir. 2009). Plaintiff's remaining arguments fail to specifically identify the findings to which she is objecting. Therefore, Defendants submit that these arguments need not be considered.

### CONCLUSION

For these reasons, Defendants respectfully submit that the Magistrate Judge's Report and Recommendation should be adopted and entered.

Respectfully submitted, this 27th day of February 2020

        */s/ Bret J. Chaness*
        BRET J. CHANESS (GA Bar # 720572)
        KEARSTIN HARUMI SALE (GA Bar # 650510)
        **RUBIN LUBLIN, LLC**
        3145 Avalon Ridge Place, Suite 100
        Peachtree Corners, GA 30071
        (678) 281-2730 (Telephone)
        (404) 921-9016 (Facsimile)
        bchaness@rubinlublin.com
        ksale@rubinlublin.com

        *Attorneys for Defendants*

## **FONT CERTIFICATION**

The undersigned counsel for Defendant hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted, this 27th day of February 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar # 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 27th day of February 2020, served all parties in this matter with the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Tawana Carter
115 Parkside Close
Alpharetta, GA 30022

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar # 720572)